United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIXT GREENS,<br><br>    Plaintiff,<br><br>    v.<br><br>SPROUT CAFÉ,<br><br>    Defendant.<br>_____/ | No. C-08-5175 EMC<br><br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR CONTEMPT AND SANCTIONS**<br><br>**(Docket No. 67)** |

    Currently pending before the Court is Plaintiff's motion for contempt and sanctions. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** in part and **DENIES** in part Plaintiff's motion.

## I. DISCUSSION

    Previously, Plaintiff filed a motion to compel which the Court granted on April 2, 2010. In the order, the Court instructed Defendant produce certain documents within two weeks of the date of the order. *See* Docket No. 62 (order). After Defendant failed to produce the documents within the timeframe ordered, Plaintiff filed the currently pending motion. In the motion, Plaintiff asks that Defendant be held in contempt and that Defendant be subjected to both evidentiary and monetary sanctions.

    Plaintiff's request that Defendant be held in contempt and be subjected to evidentiary sanctions is made pursuant to Federal Rule of Civil Procedure 37(b). Under the rule, where a party fails to obey a discovery order, a court "may issue further just orders," including contempt and

preclusion sanctions. Fed. R. Civ. P. 37(b)(2)(A). As indicated by the language of Rule 37(b), a court has discretion as to whether to sanction and, if so, what type of sanction to issue. *See* 7-37 Moore's Fed. Prac. -- Civ. § 37.50[1][b]; *see also Fair Hous. v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (reviewing trial court's decision to strike defendant's answer and enter a default judgment based on discovery violations for abuse of discretion). "[A] primary purpose of a sanction under Rule 37[(b)] will be to secure or encourage compliance with the underlying discovery order alleged to have been violated." 7-37 Moore's Fed. Prac. -- Civ. § 37.50[1][a].

In the instant case, the Court declines to issue any contempt or preclusion sanction. Nearly all the discovery sought has now been produced with the sole exception of financial information for 2010 which the Court orders shall be produced no later than June 22, 2010. Discovery is still open and there is ample time to prepare for trial set for October 18, 2010. Plaintiff has not suffered any substantial or irreparable prejudice as a result of Defendants' tardy compliance with the Court's order. Therefore, issuing a contempt or preclusion sanction would be excessively severe at this point.

The only question remaining is whether or not any monetary sanctions should issue. Plaintiff asks to be awarded its attorney's fees both for filing the underlying motion to compel and now the currently pending motion for sanctions. The Court has the authority to issue monetary sanctions under Federal Rule of Civil Procedure 37(a)(5) (for the underlying motion to compel) and 37(b) (for the currently pending motion for sanctions). Under both rules, attorney's fees are to be awarded unless, *e.g.*, the nonmoving party's actions were substantially justified or there are other circumstances that would make an award unjust.[1]

With respect to the motion to compel, Defendant's actions were not substantially justified. Most notably, with respect to the financial documents sought by Plaintiff, Defendant outright

---

[1] At the hearing, Defendant raised the argument for the first time that, at most, the Court could consider only an award of fees with respect to the motion for sanctions, and not the underlying motion to compel. However, Defendant did not cite any authority to support its proposition. Furthermore, as Plaintiff points out, nothing in the rule requires a motion for sanctions, made in conjunction with a motion to compel, to be filed at the same time as the motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A) (providing that, "*[i]f the motion [to compel] is granted* . . . [,] the court must . . . require the party [and/or attorney] to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees") (emphasis added).

refused any production. Defendant did not really contest that the documents are relevant given the damages claimed by Plaintiff but did assert a privacy objection. That objection was without any merit because any privacy concerns could have been addressed by a protective order limiting the disclosure *e.g.*, for attorney's eyes only. As the Court has already ruled, the privacy objection was without legal merit; the information was clearly relevant for discovery purposes.

Similarly, with respect to the motion for sanctions, Defendant's actions were not substantially justified. Under the Court's order granting the motion to compel, Defendant was obligated to produce only a limited set of documents. Furthermore, the Court provided Defendant with two weeks to produce the documents -- more than enough time given the limited production. Although Defendant has now produced the documents at issue, it did so only after the instant motion for sanctions was filed.

Finally, the Court finds that there are no other circumstances that would an award of attorney's fees to Plaintiff unjust. The fact that Defendant is a small company represented by a small firm does not excuse Defendant from failing to abide by its discovery obligations and the order of this Court. Nor do counsel's involvement in other proceedings or inattention constitute a cognizable excuse under Rule 37.

Accordingly, the Court grants Plaintiff's request for attorney's fees under Rule 37. The Court finds, however, that the amount of fees requested by Plaintiff is excessive. Plaintiff asks for more than $10,000 for the underlying motion to compel, representing approximately 28 hours of work, and another $8,000 for the motion for sanctions, representing approximately 22 hours of work. While the Court does not have reason to doubt that Plaintiff's counsel spent this amount of time on the two motions, the fees are excessive. Neither the motion to compel nor the motion for sanctions was particularly complex. Indeed, between the two motions, there was at most one substantive legal issue -- *i.e.*, the merits of the privacy objection raised by Defendant with respect to the financial documents -- and as indicated above it was a simple one. The Court therefore awards Plaintiff $10,000 in fees. The Court notes that, at an hourly rate of $375, this compensates Plaintiff for 24 hours of work. The Court notes that it does not in this order make any specific allocation as to whether the fees should be paid by Defendant itself or by its counsel. However, the Court notes that,

at the hearing, counsel admitted that he or his firm was responsible for part (although not all) of the delay in complying with applicable obligations.

## II.  CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Plaintiff's motion. In addition, per the parties' agreement, the Court orders that Defendant produce the financial documents for the year 2010 by June 22, 2010 (*i.e.*, two days prior to the deposition of Defendant's accountant).

This order disposes of Docket No. 67.

IT IS SO ORDERED.

Dated: June 21, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge