UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIXT GREENS,<br><br>        Plaintiff,<br><br>        v.<br><br>SPROUT CAFÉ,<br><br>        Defendant.<br>_____/ | No. C-08-5175 EMC<br><br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>**(Docket No. 81)** |

        Plaintiff Mixt Greens has moved for leave to file a first amended complaint. Mixt Greens seeks an amendment in order to (1) add as new defendants to the action Vinh Vi, Tu Ha Huynh, and Café Sprout, Inc. (dba Sprout Café) and (2) add allegations supporting an alter ego theory (such that Mr. Vi and Mr. Huynh could be held personally liable for any wrongdoing by Café Sprout, Inc.). Having considered the parties' briefs, the oral argument of counsel, and all other evidence of record, the Court hereby **GRANTS** the motion for leave to amend.

### I.    FACTUAL & PROCEDURAL BACKGROUND

        Mixt Greens initiated this lawsuit in November 2008. *See* Docket No. 1 (complaint). In its original complaint, the only defendant named in the action was Sprout Café ("Sprout"). Mixt Greens described Sprout Café in its original complaint as an entity of unknown origin. *See* Compl. ¶ 5.

On April 2, 2010, this Court granted a motion to compel filed by Mixt Greens. As part of this order, the Court required Sprout to produce its financial statements. *See* Docket No. 62 (order). Most of the financial statements were produced in May and June 2010.

Mr. Vi was deposed by Mixt Greens on March 23 and May 10, 2010. Mr. Hyung was deposed on May 20, 2010. *See* Mot. at 4; *see also* Cirillo Decl., Ex. 2 (Vi Depo.); Cirillo Decl., Ex. 3 (Huynh Depo.). Both of these depositions have yet to be completed.

On June 21, 2010, Mixt Greens filed the currently pending motion, essentially arguing that the recently produced discovery described above gave rise to the need to file an amended complaint.

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that,

> after the initial period for amendments as of right, pleadings may be amended only by leave of court, which "leave shall be freely given when justice so requires." "Four factors are commonly used to determine the propriety of a motion for leave to amend. These are: bad faith, undue delay, prejudice to the opposing party, and futility of amendment."

*Ditto v. McCurdy*, 510 F.3d 1070, 1078-79 (9th Cir. 2007).

In the instant case, Sprout argues both undue delay and prejudice in opposing the motion for leave to amend. The critical issue here is prejudice, *i.e.*, whether allowing the amendment would prejudice either Sprout or the new defendants. This is because, even assuming undue delay on the part of Mixt Greens, "[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). There must also be, *e.g.*, a showing of prejudice in order to justify a denial of a motion for leave to amend. *See id.* (noting that the Ninth Circuit has "previously reversed the denial of a motion for leave to amend where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment").

Ninth Circuit case law indicates that prejudice may effectively be established by demonstrating that a motion to amend was made after the cutoff date for such motions, or when discovery had closed or was about to close. *See, e.g.*, *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of plaintiff's motion for leave to amend where

2

proposed amendment would have added additional causes of action which would have required further discovery and discovery was set to close five days after motion to amend was filed); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (stating that "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint"); *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming the denial of leave to amend where the motion was made "on the eve of the discovery deadline" and "[a]llowing the motion would have required re-opening discovery, thus delaying the proceedings").

In the instant case, the fact discovery deadline was, at the time Mixt Greens filed the currently pending motion, July 14, 2010. *See* Docket No. 70 (stipulation and order). Trial was slated for October 18, 2010. *See* Docket No. 44 (order). Although such a schedule might suggest that Mixt Greens's proposed amendment would be prejudicial to Sprout and/or the new defendants, it became clear at the hearing that any prejudice that might be suffered could easily be cured. That is, the amendment, if allowed, would not require Sprout or the new defendants to engage in substantial additional discovery because all of the information related to the principals and the incorporation of Café Sprout, Inc. was within their possession, custody, or control. At best, Sprout or the new defendants would need to propound limited contention interrogatories on Mixt Greens in order to determine what its litigation position related to the new allegations would be. Nor would the amendment, if allowed, require Sprout or the new defendants to respond to substantial new discovery by Mixt Greens. In fact, at the hearing, Mixt Greens represented that it only needed to complete the depositions of the principals in order to support the claims and allegations of the proposed amendment. Accordingly, a brief extension of discovery deadlines could cure any prejudice were the amendment allowed.

Both in its papers and at the hearing, Sprout argued that, even with an extension of discovery deadlines, the amendment would be prejudicial to at least Mr. Vi and Mr. Huynh because they may need to find new counsel to prepare for the case because there may be a conflict for Sprout's counsel to represent both Sprout and the individuals. *See* Opp'n at 4. But this argument is largely speculative at this point. The Court notes that Sprout and the principals have been aware of the

proposed amendment since at least June 21, 2010, but in the more than three weeks that have passed there is nothing concrete to establish that, *e.g.*, the insurer would not permit counsel for Sprout to also represent the principals. Moreover, it should have been evident that there was a risk of personal liability incurred for alleged infringing activities that occurred while the restaurant was open and operating prior to the incorporation of Café Sprout, Inc. Yet no potential conflict of evidence has given rise to any cited problems in defense of this action to date.

Based on the lack of prejudice, the Court shall permit the proposed amendment requested by Mixt Greens.

### III.    CONCLUSION

For the foregoing reasons, Mixt Greens's motion for leave to amend is granted. Mixt Greens shall file its amended complaint within a week of the date of this order.

Consistent with the discussion at the hearing, the parties shall meet and confer and submit a proposed case management schedule, including, *e.g.*, new discovery deadlines, with a new trial start date of December 13, 2010. The Court is continuing the trial date in part to allow the parties to explore settlement.

This order disposes of Docket No. 81

IT IS SO ORDERED.

Dated: July 15, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge